DANIEL G. BOGDEN
United States Attorney
DREW SMITH
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-5087
E-mail: Drew.Smith@usdoj.gov
Counsel for the United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| $142,000.00 IN UNITED STATES CURRENCY, | ) ) |
| Defendant. | ) ) |

## COMPLAINT FOR FORFEITURE IN REM

The United States of America, by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Drew Smith, Assistant United States Attorney, in a civil cause for forfeiture, respectfully states as follows:

### SUBJECT MATTER JURISDICTION

1. This Court has jurisdiction under 19 U.S.C. §§ 1603, 1608, and 1610; Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Fed. R. Civ. P. Supp. Rule"); 18 U.S.C. § 981(a)(1)(A); 18 U.S.C. § 981(a)(1)(C); 18 U.S.C. § 983; 28 U.S.C. §§ 1345, 1355, and 1395; and 31 U.S.C. § 5317(c)(2).

### IN REM JURISDICTION

2. This Court will have in rem jurisdiction over the $142,000.00 in United States Currency if this Court signs an Order for Summons and Warrant of Arrest in Rem for the Property and

the Clerk of the Court issues a Summons and Warrant of Arrest in Rem for the Property, which will be executed upon the defendant and returned to the Court.

## VENUE

3. This Court has venue of this matter pursuant to 28 U.S.C. §§ 1355 and 1395 because the above-named defendant is now and, during the pendency of this action, will be in the jurisdiction of this Court and because the defendant was found in this judicial district.

## PARTICULAR DESCRIPTION

4. The defendant is more particularly described as follows: $142,000.00 in United States Currency Seized from the Las Vegas Metropolitan Police Department Evidence Vault.

## PLACE OF SEIZURE

5. On or about September 3, 2010, $142,000.00 in United States Currency ("defendant") was seized from the Las Vegas Metropolitan Police Department Evidence Vault at 3201 Technology Court, Las Vegas, Nevada 89101.

## CUSTODY OF ASSET

6. The defendant has remained in the care, custody, and control of the Department of the United States Treasury, Las Vegas, Nevada, since on or about September 3, 2010.

## TIMELY FILING

7. The defendant was subject to administrative summary forfeiture proceedings; however, Tong Shen filed a claim on or about December 13, 2010.

## VALUE

8. The defendant's total value is US $142,000.00.

## FACTS

9. Tong Shen aka Wei-Chih Lai aka Tommy Lai aka Di Rong ("Shen") and Shen's wife, Wei-Yu Lai aka Amy Lai ("Lai"), were involved in a scheme in which they caused to be transmitted, by means of wire communication in interstate or foreign commerce, communications containing fraudulent information between the Las Vegas Sands, LLC, dba Palazzo Resort Hotel and Casino

("Palazzo"), the MGM Grand Hotel and Casino ("MGM Grand") and Aria Hotel and Casino at CityCenter ("Aria"). Shen caused The MGM Grand to file false FINCEN Forms 103 (Currency Transaction Report by Casinos) in the name of Wei-Chih Lai. The scheme began on or about July 21, 2010, and continued through August 18, 2010. Tong Shen engaged in banking transactions, casino transactions, and gambling activity using the aliases of Wei-Chi Lai, Wei-Chih Tommy Lai, and Tommy Lai. Shen engaged in those transactions and activities after he was banned from gambling at several Las Vegas casinos for being a suspected card counter.

10. On June 9, 2010, Shen opened a bank account in the name of Wei-Chi Tommy Lai at a Wachovia Bank branch in New York City. Shen presented Republic of China passport no. 134061399 in the name of Wei-Chih Lai to the bank when opening the account. Republic of China passport no. 134061399 in the name of Wei-Chih Lai was reported "Lost/Stolen" on December 30, 2008. Wei-Chih Lai is Shen's brother-in-law. A United States visa was issued to Wei-Chih Lai on June 6, 2007, but there is no record that Wei-Chih Lai ever entered the United States under that visa.

11. Shen presented Republic of China passport no. 134061399 in the name of Wei-Chih Lai to Wachovia Bank in order to establish a bank account on June 9, 2010. Shen opened the account in the name Wei-Chih Tommy Lai at a Wachovia Bank branch in New York City. On July 15, 2010, Shen withdrew $100,000.00 from that account in the form of Wachovia cashier's check no. 1403704383 in the amount of $50,000.00 payable to the order of Tommy Lai; Wachovia cashier's check no. 1403704384 in the amount of $50,000.00 payable to the order of Tommy Lai; and $9,000.00 in cash.

12. On July 15, 2010, Shen's wife, Wei-Yu Lai, withdrew $50,000.00 from a bank account that she held at JP Morgan/Chase Bank and purchased Chase cashier's check no. 9874706632 in the amount of $50,000.00 payable to the order of Wei-chih Tommy Lai.

. . .

. . .

13. Shen participated in three separate incidents that involved the above-mentioned federal crimes at the MGM Grand and the Palazzo. The pertinent facts from each incident are as follows.

14. **MGM GRAND TRIP NO. 1**:

    a. On July 21, 2010, Grace Li, Shen's assistant, sent an e-mail to Tony Lay, Far East Marketing Department Representative for MGM Grand, titled, "Cashier checks verification" which stated, "I'm sending you 4 $50k cashier checks for verification next week…The checks are made out to Tommy, please confirm them mid-next week. I assume we can have all $200k sent in to Tommy's account and then split between Tommy and Amy, just need to confirm with you." This e-mail had an attachment of two cashier's checks for verification: Wachovia Cashier's Check No. 1403704384 dated 07/15/2010 in the amount of $50,000 paid to the order of Tommy Lai; and Chase cashier's check no. 9874706632 dated 07/15/2010 in the amount $50,000 paid to the order of Wei-Chih Tommy Lai.

    b. On July 21, 2010, Tony Lay forwarded the e-mail from Shen's assistant, Grace Li, to Amy Thompson, Lead Clerk for the Bellagio Casino Credit (The MGM Grand's sister company) for pre-verification of the two attached cashier's checks in the name of Tommy Lai. On July 22, 2010, Amy Thompson provided these checks to Bellagio Casino Credit for pre-verification.

    c. On July 22, 2010, a representative from Bellagio Casino Credit placed a telephone call to Wachovia Bank to verify the validity of cashier's check no. 1403704384 dated 07/15/2010 in the amount of $50,000 paid to the order of Tommy Lai.

    d. On July 22, 2010, a representative from Bellagio Casino Credit placed a telephone call to Chase Bank to verify the validity of cashier's check no. 9874706632 dated 07/15/2010 in the amount of $50,000 paid to the order of Wei-Chih Tommy Lai.

    e. On July 25, 2010, Shen presented two $50,000.00 cashier's checks (Wachovia cashier's check no. 1403704384 and Chase cashier's check no. 9874706632) to the MGM Grand and opened a front money deposit account in the name of Wei-Chih Lai. A front money deposit account is an account into which money is deposited with a casino cashier, usually in the form of a cashier's

check, that can be drawn against at gaming tables so that the patron does not have to carry around cash in order to gamble.

   f. On July 25, 2010 at 11:40 am, Shen drew a $50,000 marker in the name of Wei-Chih Lai at a mini baccarat table.

   g. On July 25, 2010 at 4:15 pm, Shen drew a $20,000 marker in the name of Wei-Chih Lai at a blackjack table.

   h. On July 25, 2010 at 6:42 pm, Shen proceeded to buy back the $20,000 marker in the name of Wei-Chih Lai.

   i. On July 26, 2010 at 2:47 am, Shen made a deposit of $50,000 in chips into the front money account in the name of Wei-Chih Lai.

   j. On July 26, 2010 at 6:42 pm, Shen drew a $50,000 marker in the name of Wei-Chih Lai at a baccarat table.

   k. On July 27, 2010 at 12:41 am, Shen proceeded to buy back the $50,000 marker in the name of Wei-Chih Lai.

   l. On July 29, 2010 at 4:34 pm, Shen turned in $7,300 of chips he won at the MGM Grand and was provided $7,300 cash in return.

   m. On August 1, 2010 at 12:54 am, Shen proceeded to buy back the $50,000 marker in the name of Wei-Chih Lai using funds from the front money deposit account in the name of Wei-Chih Lai.

   n. On August 1, 2010 at 12:56 am, Shen drew a $10,000 marker in the name of Wei-Chih Lai at the mini Baccarat table.

   o. On August 1, 2010 at 1:07 am, Shen proceeded to buy back the $10,000 marker in the name of Wei-Chih Lai and withdrew the two cashier's checks on deposit: Wachovia cashier's check no. 1403704384 dated 07/15/2010 in the amount of $50,000 paid to the order of Tommy Lai; and Chase cashier's check no. 9874706632 dated 07/15/2010 in the amount of $50,000 paid to the order of Wei-Chih Tommy Lai.

1         p.     On August 1, 2010 at 1:16 am, Shen turned in $45,000 of chips he won at the MGM Grand and was provided $45,000 cash in return. This cash transaction by Shen caused the MGM Grand to file a false FINCEN Form 103 (Currency Transaction Report by Casinos) in the name of Wei-Chih Lai instead of the true name of Tong Shen.

        q.     On August 1, 2010, Shen had the Aria wire $52,100.00 to the front money deposit account that he held at the MGM Grand in the name of Wei-Chih Lai. Shen then transferred the $52,100 from the front money deposit account of Wei-Chih Lai into a front money deposit account in the name of his wife, Wei-Yu Lai.

        r.     On August 1, 2010, the MGM Grand returned the two $50,000.00 cashier's checks to Shen that Shen previously provided when opening the front money deposit account in the name of Wei-Chih Lai.

    15. **MGM GRAND TRIP NO. 2:**

        a.     On August 6, 2010, a representative from Bellagio Casino Credit placed a telephone call to Chase Bank to verify the validity of cashier's check no. 9874706632 dated 07/15/2010 in the amount of $50,000 paid to the order of Wei-Chih Tommy Lai.

        b.     On August 6, 2010, a representative from Bellagio Casino Credit placed a telephone call to Wachovia Bank to verify the validity of cashier's check no. 1403704383 dated 07/15/2010 in the amount of $50,000 paid to the order of Tommy Lai; and cashier's check no. 1403704384 dated 07/15/2010 in the amount of $50,000 paid to the order of Tommy Lai. Monica Payne, Customer Service Representative at Wachovia Bank, verified this cashier's check.

        c.     On August 9, 2010 at 12:50am, Shen had $100,000 deposited into the front money deposit account of Wei-Chih Lai. This $100,000 was pulled from Wei-Yu Lai, Shen's wife's front money deposit account at the MGM Grand.

        d.     On August 9, 2010, Shen transferred the $100,000.00 in the front money deposit account of Wei-Chih Lai at the MGM Grand to a front money deposit account at the Mandalay Bay . . .

Resort Hotel and Casino in the name of Wei-Chih Lai. On August 13, 2010, Shen had the money transferred back to the MGM Grand front money deposit account.

  e. On August 15, 2010 at 4:11 am, Shen drew a $50,000 marker in the name of Wei-Chih Lai at the Baccarat table.

  f. On August 15, 2010 at 8:20 am, Shen proceeded to buy back the $50,000 marker in the name of Wei-Chih Lai.

  g. On August 17, 2010 at 3:51 am, Shen made a deposit into the front money deposit account in the name of Wei-Chih Lai of $43,500 of casino chips.

  h. On August 17, 2010 at 4:17 pm, Shen drew a $25,000 marker in the name of Wei-Chih Lai at a mini-baccarat table.

  i. On August 17, 2010 at 6:07 pm, Shen made a deposit into the front money deposit account in the name of Wei-Chih Lai of $14,000 of casino chips.

  j. On August 18, 2010 at 6:07 pm, Shen proceeded to buy back the $25,000 marker in the name of Wei-Chih Lai with $15,500 of the money from the front money deposit account and $9,500 discount credit from the MGM Grand casino host.

  k. On August 18, 2010 at 6:08 pm, Shen proceeded to cash out $154,145 which consisted of $142,000 cash in the front money deposit account of Wei-Chih Lai and $12,145 in chips. This cash transaction by Shen caused the MGM Grand to file a false FINCEN Form 103 (Currency Transaction Report by Casinos) in the name of Wei-Chih Lai.

  l. Between August 15, 2010, and August 18, 2010, Shen drew and bought back two gambling markers in the name of Wei-Chih Lai at the MGM Grand. Shen also deposited gaming chips into the front money deposit account.

  16. **PALAZZO TRIP**:

  a. On August 16, 2010, Grace Li faxed Kenneth Wong, Marketing Executive-Asian Marketing at the Palazzo three cashier's checks in the name of Wei-Chih Lai for pre-verification by the Palazzo's credit department. The three cashier's checks faxed by Grace Li to

1 Wong, on behalf of Shen, are: Wachovia cashier's check no. 1403704383 dated 07/15/2010 in the
2 amount of $50,000 paid to the order of Tommy Lai; Wachovia cashier's check no. 1403704384 dated
3 07/15/2010 in the amount of $50,000 paid to the order of Tommy Lai; and Chase Cashier's Check No.
4 9874706632 dated 07/15/2010 in the amount $50,000 paid to the order of Wei-Chih Tommy Lai.

5       b.      On August 16, 2010, Grace Li sent an e-mail to Kenneth Wong, Marketing
6 Executive-Asian Marketing at the Palazzo titled, "RE: Confirmation – Arrival" which stated, "3
7 cashier checks were faxed over. Please let us know once verified, so they have money to play."

8       c.      On August 16, 2010 at 2 pm, the Palazzo employee Tara Acosta placed a
9 telephone call to Wachovia Bank to verify Wachovia cashier's check no. 1403704383 dated
10 07/15/2010 in the amount of $50,000 paid to the order of Tommy Lai; and Wachovia cashier's check
11 no. 1403704384 dated 07/15/2010 in the amount of $50,000 paid to the order of Tommy Lai.

12       d.      On August 16, 2010 at 2 pm, the Palazzo employee Tara Acosta placed a
13 telephone call to Chase Bank to verify Chase cashier's check no. 9874706632 dated 07/15/2010 in the
14 amount of $50,000, paid to the order of Wei-Chih Tommy Lai.

15       e.      On August 17, 2010, Shen presented three $50,000.00 cashier's checks
16 (Wachovia cashier's check nos. 1403704383 and 1403704383 and Chase cashier's check no.
17 9874706632) to the Palazzo and opened a front money deposit account in the name of Wei-Chih Lai.
18 Shen provided the Republic of China passport in the name of Wei-Chih Lai when opening the account.

19       f.      On August 17, 2010, Wong assisted Shen and Wei-Yu Lai upon their arrival
20 to the Palazzo on the regular procedures for new guests. Wong accompanied Shen and Lai to the
21 casino cage, and assisted with Shen's deposit. Shen deposited the three cashier's checks in the name
22 of Tommy Lai totaling $150,000 into a newly established account at the Palazzo and provided the
23 Chinese Passport in the name of Wei-Chih Lai, which contained a picture of an Asian male not fitting
24 the description of Shen. Shen then removed $50,000 cash from a bag he was carrying and deposited
25 the cash into an account at the Palazzo in the name of his wife, Wei-Yu Lai. Shen then requested
26 . . .

8

$50,000 of the $150,000 on deposit in the account of Wei-Chih Lai be transferred into Wei-Yu Lai's account giving Shen and Lai $100,000 each available for gaming at the Palazzo.

        g.      On August 17, 2010, Shen proceeded to draw a marker in the amount of $30,000 against the $100,000 front money account in the name of Wei-Chih Lai. Shen had rated play for one hour and five minutes which resulted in winnings of $49,400. Shen then proceeded to buy back his $30,000 marker and walked away with winnings of $19,400 in chips.

        h.      On August 17, 2010, Lai proceeded to draw a marker in the amount of $20,000 against her $100,000 front money account. Lai had rated play for one hour and five minutes which resulted in winnings of $26,600. Lai then proceeded to buy back her $20,000 marker and walked away with winnings of $6,600.

        i.      On August 18, 2010, Shen obtained $142,000.00 in cash and $12,145.00 in chips upon closure of the Wei-Chih Lai front money account at the MGM Grand. Shen's use of a false identity caused the MGM Grand to file a FINCEN Form 103 in the name of Wei-Chih Lai instead of in Shen's name.

      17.      On August 17, 2010, IRS Special Agent Nicholas Rice met with Todd Sigel, Surveillance Assistant Manager for the Palazzo about Shen and Lai. Sigel stated he recognized Shen, from previously prohibiting Shen and Shen's aka Di Rong, from gaming at the Palazzo due to questionable gaming practices. Sigel noted that Shen arrived at the Palazzo on August 17, 2010 using the identity of Wei-Chih Lai. Shen deposited three cashier's checks: Wachovia cashier's check no. 1403704384 dated 07/15/2010 in the amount of $50,000 paid to the order of Tommy Lai; Wachovia cashier's check no. 1403704383 dated 07/15/2010 in the amount of $50,000 paid to the order of Tommy Lai; and Chase cashier's check no. 9874706632 dated 07/15/2010 in the amount of $50,000 payable to Wei-Chih Tommy Lai; totaling $150,000.

      18.      On August 17, 2010, IRS Special Agent Nicholas Rice met with Kenneth Wong, Marketing Executive-Asian Marketing at the Palazzo about Shen and Lai. Wong stated that Shen . . .

(who Wong knows as Wei-Chih Lai) was a new guest who reached out to the Palazzo's Asian Marketing department in June 2010 to get information about the international gaming program.

19. The Las Vegas Metropolitan Police Department (LVMPD) Tourist Crime Unit was notified on August 17, 2010 of Shen's use of multiple identities. LVMPD detained and escorted Shen and Lai to the Palazzo's security room. Shen was read his constitutional rights per Miranda and Shen stated that he understood. Shen stated his name is Tong Shen and that Wei-Chih Lai is his brother-in-law (Shen's wife Lai's brother). Shen invoked his right to an attorney and refused to answer any further questions. Lai was read her constitutional rights per Miranda and stated that she understood. Lai stated Wei-Chih Lai is her brother and refused to answer any further questions. Lai had in her possession at the time of her arrest, $2,753.00 in cash along with her passport no. 133564892 issued by the Republic of China and passport no. 134061399 issued by the Republic of China in the name of Wei-Chih Lai.

20. LVMPD Tourist Crime Unit was notified on August 18, 2010 of Shen's use of a false identity at the MGM Grand. LVMPD detained Shen and questioned him regarding his withdrawal of funds. Shen admitted he was not Wei-Chih Lai and that Shen withdrew $142,000 from the account in the name of Wei-Chih Lai. Shen signed a consent search form and allowed LVMPD detectives to take the $142,000 withdrawn from the MGM Grand in the account of Wei-Chih Lai as evidence.

21. On August 27, 2010, the following items were seized pursuant to seizure warrants:

    a.    Bank of America Check #053881 in the amount of $100,000.00 (relating to funds that were held in the front money account of Wei-Yu Lai at Palazzo); and

    b.    Bank of America Check #053880 in the amount of $100,000.00 (relating to funds that were held in the front money account of Wei-Chih Lai at Palazzo).

22. On August 30, 2010, the following items were seized pursuant to seizure warrants:

    a.    Bank of America Check #732521 in the amount of $142,000.00 (relating to cash that Shen had in his possession at the time of his arrest);

      b.      Bank of America Check #732522 in the amount of $2,753.00 (relating to cash that Shen's wife had in her possession at the time of her arrest); and

      c.      Bank of America Check #053883 in the amount of $19,425.00 (relating to gaming chips that Shen's wife had in her possession at the time of her arrest).

## FIRST CAUSE OF ACTION

23. The United States realleges, readopts, and reincorporates all the allegations contained in paragraphs 1 through 18 as though fully set forth herein.

24. The defendant is involved transactions or attempted transactions in violation of 18 U.S.C. § 1956, or is property traceable to such property, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

## SECOND CAUSE OF ACTION

25. The United States realleges, readopts, and reincorporates all the allegations contained in paragraphs 1 through 18 as though fully set forth herein.

26. The defendant is involved in transactions or attempted transactions in violation of 18 U.S.C. § 1957, or is property traceable to such property, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

## THIRD CAUSE OF ACTION

27. The United States realleges, readopts, and reincorporates all the allegations contained in paragraphs 1 through 18 as though fully set forth herein.

28. The defendant constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1028, or a conspiracy to commit such offenses, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

## FOURTH CAUSE OF ACTION

29. The United States realleges, readopts, and reincorporates all the allegations contained in paragraphs 1 through 18 as though fully set forth herein.

. . .

30    The defendant constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1343, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offenses, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

**FIFTH CAUSE OF ACTION**

31.    The United States realleges, readopts, and reincorporates all the allegations contained in paragraphs 1 through 18 as though fully set forth herein.

32    The defendant is involved in violations of 31 U.S.C. § 5313, or a conspiracy to commit such violations, and is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2).

**SIXTH CAUSE OF ACTION**

33.    The United States realleges, readopts, and reincorporates all the allegations contained in paragraphs 1 through 18 as though fully set forth herein.

34    The defendant is property traceable to violations of 31 U.S.C. § 5313, or a conspiracy to commit such violations, and is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2).

**SEVENTH CAUSE OF ACTION**

35.    The United States realleges, readopts, and reincorporates all the allegations contained in paragraphs 1 through 18 as though fully set forth herein.

36    The defendant is involved in violations of 31 U.S.C. § 5324, or a conspiracy to commit such violations, and is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2).

**EIGHTH CAUSE OF ACTION**

37.    The United States realleges, readopts, and reincorporates all the allegations contained in paragraphs 1 through 18 as though fully set forth herein.

38.    The defendant property traceable to violations of 31 U.S.C. § 5324, or a conspiracy to commit such violations, and is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2).

. . .

. . .

## CONCLUSION

39. Because of the foregoing, the defendant property is subject to forfeiture and has become and is forfeited to the United States of America, plaintiff, under 18 U.S.C. § 981(a)(1)(A), 18 U.S.C. § 981(a)(1)(C) and 31 U.S.C. § 5317(c)(2).

WHEREFORE, the United States of America, Plaintiff, prays as follows:

1. Due process issue to enforce the forfeiture of the defendant;
2. Due notice be given to any interested party to appear and to show cause why the forfeiture should not be decreed;
3. The defendant be condemned and be forfeited to the United States; and
4. This Court enter other and further relief as it deems just and proper.

DATED this 5th day of January, 2011.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

*(signature)*

DREW SMITH
Assistant United States Attorney

## VERIFICATION

I, Nicholas Rice, Special Agent of the Internal Revenue Service, Criminal Investigation, am the Agent assigned to this case.

I have read the contents of the foregoing Complaint for Forfeiture In Rem, and I declare, verify, and certify under penalty of perjury that the foregoing is true and correct.

DATED: January 4, 2011

NICHOLAS RICE
Internal Revenue Service
Criminal Investigation